UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KUEHNE + NAGEL, INC.,

                              Plaintiff,

            -against-

HALCO LIGHTING TECHNOLOGIES, LLC,

                              Defendant.

---

1:23-cv-07069 (JLR)

**MEMORANDUM OPINION
AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

Plaintiff commenced this action on August 10, 2023.  *See* ECF No. 1 ("Compl.").

Plaintiff asserts that jurisdiction is based on diversity of citizenship.  *See id.* ¶ 1.  The Complaint

alleges that Plaintiff Kuehne + Nagel, Inc. ("K+N") is "a New York corporation with its

principal place of business in New Jersey."  *Id.* ¶ 2.  It alleges that Defendant Halco Lighting

Technologies, LLC is "a Delaware limited liability company" and that its "only member and

manager is HLT Holdings, LLC, which is a Georgia limited liability company . . . ."  *Id.* ¶ 3.

The Complaint further alleges that "HLT Holdings, LLC's organizer is EZ Corp LLC, with its

address at 501 Northwest Hood Avenue, #240, Gresham, Georgia 97030."  *Id.*

For purposes of diversity jurisdiction, a limited liability company is deemed to be a

citizen of each state of which its members are citizens.  *See Handelsman v. Bedford Vill. Assocs.

L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000).  "In pleading an LLC's citizenship, the identity and

citizenship of each member has to be specifically alleged."  *Wynston Hill Cap., LLC v. Crane*,

620 F. Supp. 3d 540, 545 (S.D.N.Y. 2022) (internal citation omitted).  That means that, "if any of

an LLC's members are themselves noncorporate entities, then a plaintiff must allege the identity

and citizenship of their members, proceeding up the chain of ownership until it has alleged the

identity and citizenship of every individual and corporation with a direct or indirect interest in

the LLC." *U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020) (collecting cases); *see also United Food & Com. Workers Union, Local 919 v. Centermark Props. Meriden Square*, 30 F.3d 298, 302 (2d Cir. 1994).  The place of incorporation and principal place of business of a limited liability company is not relevant to determining citizenship for diversity jurisdiction.  *See Mackason v. Diamond Fin. LLC*, 347 F. Supp. 2d 53, 55 (S.D.N.Y. 2004) (allegations of a limited liability company's "principal places of business are irrelevant to diversity analysis").  In the present case, Plaintiff has not properly alleged Defendant's citizenship.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall, no later than **August 25, 2023**, file a letter, supported by one or more sworn affidavits, that provides the necessary prerequisites for the Court to exercise subject-matter jurisdiction.  The submission should allege, consistent with this Order, the citizenship of each party – including the identity and citizenship of each limited liability company member, and those members' members, up the chain of ownership – and show that complete diversity exists.  If, by that date, Plaintiff is unable to allege complete diversity of citizenship, the action may be dismissed for lack of subject-matter jurisdiction without further notice to the parties.

SO ORDERED.

Dated: August 11, 2023
      New York, New York

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge